DLD-260                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4056
_____

GLENN ASA MURRAY,
Appellant

v.

LANCASTER COUNTY, PENNSYLVANIA;
DICK SHELLENBERGER; MOLLY HENDERSON;
HOWARD (PETE) SHAUB; WAYNE G. HUMMER, JR.;
OFFICE OF DOMESTIC RELATIONS;
DIANE FRALICH; JEANETTE BOWERS;
BRUCE R. MARTIN, JOHN DOE, I; JOHN DOE, II

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-01098)
District Judge: Honorable Thomas M. Golden

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 5, 2010

Before:  FUENTES, JORDAN and HARDIMAN, Circuit Judges

(Opinion filed: August 9, 2010)
_____

OPINION
_____

PER CURIAM

Glenn Asa Murray appeals the District Court's order dismissing his complaint. The procedural history of this case and the details of Murray's claims are well known to the parties and need not be discussed at length. Briefly, Murray filed a civil rights complaint and claimed that an allegation that he owed child support was used against him when he was sentenced on criminal charges. He also claimed that he was deprived of $321.08 when appellees seized his tax refund. The appellees filed motions to dismiss. They argued that Murray's claims regarding his sentencing were barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994) (civil action that would impugn a criminal conviction if successful cannot be maintained until that conviction is invalidated). Murray filed oppositions to the motions to dismiss which included a request to withdraw the claims challenging his criminal sentence. By order entered September 29, 2009, the District Court dismissed the entire action without prejudice. Murray filed a notice of appeal.

Murray argues on appeal that not all of the claims in his complaint were barred by Heck. He contends that he raised claims of fraud, loss of property without due process, and conspiracy under 42 U.S.C. § 1985. While the District Court erred in failing to address the remaining claims, we conclude that it lacked jurisdiction over those claims and will summarily affirm the District Court's dismissal of the complaint.

The Rooker-Feldman doctrine deprives a District Court of jurisdiction to review,

2

directly or indirectly, a state court adjudication. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). The Supreme Court has explained that this doctrine is narrow and confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, Murray seeks to challenge a 1995 order of the Court of Common Pleas of Lancaster County. The court ordered the parties to comply with their agreement as to the child support owed. Murray claims that he discovered in 2007 that this order was used in 1998 to collect $321.08 of his federal tax refund. He also alleges that he did not sign the agreement. Because Murray seeks federal court review and rejection of a state-court judgment, the District Court lacked jurisdiction over the remaining claims under the Rooker-Feldman doctrine.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.